# IN THE CIRCUIT COURT FOR DAVIDSON COUNTY, TENNESSEE
## AT NASHVILLE

JENNIFER L. BOBO,

    Plaintiff,

vs.

BRIAN GORDON GATES and
WERNER ENTERPRISES, INC.,

    Defendants.

CASE NO. 18C3086

## COMPLAINT

COMES NOW the Plaintiff, Jennifer L. Bobo ("Plaintiff"), and for her cause of action against the Defendants Brian Gordon Gates and Werner Enterprises, Inc. (collectively "Defendants"), would respectfully state and show to the Court as follows:

1. At all times relevant to the events giving rise to this claim, Plaintiff was a citizen and resident of Davidson County who resided at 825 South Dickerson Road, Apartment 147, Goodlettsville, Tennessee 37072.

2. Upon information and belief, Defendant Brian Gordon Gates ("Gates") is a citizen and resident of Pearl River County, Mississippi, who resides at 104 Dogwood Valley, Picayune, Mississippi 39466, where he may be served.

3. Upon information and belief, Werner Enterprises, Inc. ("Werner") is a business entity formed in Nebraska, under the laws of the State of Nebraska, authorized to do and doing business in the State of Tennessee. Defendant Werner's principal place of business is 14507 Frontier Road, Omaha, Nebraska 68138-3808. Defendant Werner may be served via its registered agent for service of process, National Registered Agents, Inc., 300 Montvue Road,

Knoxville, TN 37919-5546.

4. Upon information and belief, Defendant Werner uses Tennessee roads and highways to conduct its business and enters into contracts in Tennessee.

5. At all relevant times, Defendant Werner acted through its agents and employees, including Defendant Gates.

6. Upon information and belief, Defendant Werner was at all relevant times responsible for and exercised control of the vehicle operated by Defendant Gates.

7. At all relevant times, Defendant Gates acted individually and as an agent of Defendant Werner.

8. Defendant Gates was at all relevant times acting with the full authority and consent of Defendant Werner.

9. As a court of general jurisdiction, this Court has jurisdiction over this action pursuant to Tenn. Code Ann. § 16-10-101 (2017).

10. Venue is proper in this Court under Tenn. Code Ann. § 20-4-101(a) (2017) and Tenn. Code Ann. § 20-4-104(1) (2017) because all or a substantial part of the events or omissions giving rise to the cause of action accrued in Davidson County and the cause of action arose in Davidson County.

11. On or about December 12, 2017, Plaintiff was operating her motor vehicle on Interstate 40 East in the vicinity of mile marker 208 in Davidson County, Tennessee.

12. At that same time, Defendant Gates was operating a tractor trailer on the same roadway and in the lane immediately to Plaintiff's left.

13. Defendant Gates had a duty to exercise reasonable care, maintain a safe lookout, maintain his lane of travel, merge only when safely possible, maintain a safe distance between his vehicle and other vehicles, operate the vehicle he was driving in a reasonably prudent

2

fashion, and adhere to all applicable laws while operating the vehicle.

14. Defendant Gates breached that duty by negligently merging into Plaintiff's lane of travel when it was unclear and unsafe to do so, thereby causing a collision with Plaintiff's motor vehicle.

15. Defendant Gates, through his omissions and commissions, acted negligently, carelessly, and contrary to statute, in the operation of the vehicle he was driving and is guilty of the following acts of common law negligence:

   a. failure to maintain a safe lookout;

   b. failure to maintain his lane of travel;

   c. failure to maintain proper control of his motor vehicle;

   d. failure to devote full time and attention to the operation of his motor vehicle;

   e. failure to take that action necessary, when it is apparent, or in the exercise of reason and ordinary care should be apparent, that a collision was about to occur; and,

   f. failure to see that which was there to be seen and to take proper action with respect thereto.

16. As a direct and proximate result of Defendant Gates' negligence, Defendant Gates collided with Plaintiff's vehicle.

17. As a direct and proximate result of Defendant Gates' negligence, Plaintiff sustained injuries, damages, and suffering.

18. In addition to the foregoing acts of negligence, Defendant Gates violated laws of the State of Tennessee, which were in full force and effect at the time and place of the accident, the violation thereof constituting negligence per se, including but not limited to:

   a. Tenn. Code Ann. § 55-8-136(b): Drivers to exercise due care;

3

b. Tenn. Code Ann. § 55-8-123: Driving on roadways laned for traffic; and,

c. Tenn. Code Ann. § 55-8-197: Failure to yield right of way.

19. Upon information and belief, at all times relevant hereto, Defendant Gates was an agent of Werner's and was operating the subject vehicle in the course and scope of his agency with and for the use and benefit of Defendant Werner.

20. Defendant Werner is therefore vicariously liable for Defendant Gates's negligence under the doctrine of respondeat superior, as well as agency principles.

21. All of the foregoing acts of negligence, either alone or combined and concurring, were the direct and proximate cause of the aforesaid collision and Plaintiff's injuries, damages and suffering.

22. As a result of said collision, Plaintiff is entitled to recover damages from the Defendants, jointly and severally, for her personal injuries and past and future: pain and suffering, reasonable and necessary medical expenses, lost enjoyment of life, lost wages and loss of earning capacity, emotional distress, and all other damages allowed under Tennessee law, the nature and extent of which will be shown to the Court and jury at the trial of this cause.

**WHEREFORE, PLAINTIFF PRAYS FOR RELIEF AS FOLLOWS:**

a) For proper process to issue and be served upon the Defendants requiring an answer;

b) For a compensatory judgment in favor of Plaintiff in the amount of one hundred thousand dollars ($100,000.00);

c) For any such further and general relief to which Plaintiff is entitled; and,

d) All costs associated with this cause.

Respectfully submitted,

CODY ALLISON & ASSOCIATES, PLLC

K/CODY ALLISON, TNBPR No. 20623
LEE C. WILLIAMS, TNBPR No. 31403
Parkway Towers, Suite 1623
404 James Robertson Parkway
Nashville, Tennessee 37219
(615) 234-6000